**2014 UT App 286**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
NATHANIEL SHANE GAINER,
Defendant and Appellant.

Per Curiam Decision
No. 20140355-CA
Filed December 11, 2014

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 131908274

Joanna E. Landau and Michael A. Peterson,
Attorneys for Appellant

Sean D. Reyes and Tera J. Peterson,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, and
J. FREDERIC VOROS JR.

PER CURIAM:

¶1    Nathaniel Shane Gainer[1] appeals his sentence following his conviction of aggravated robbery, a first degree felony. Gainer claims that his prison sentence was both inherently unfair and unreasonable in light of the particular facts and circumstances of this case and that he was denied due process because his sentence was based on unreliable information. We affirm.

---

1. The correct spelling of Appellant's last name is Ganier. To avoid confusion, we use the spelling of Appellant's name as it appears in the district court record.

¶2     As Gainer was leaving a Salt Lake City Walmart store with merchandise for which he had not paid, he was stopped by two loss prevention employees. As Gainer attempted to get away, he bit one of the employees on the arm and stabbed him in the hip with a folding knife. Gainer was intercepted by a police officer as he fled on a bicycle. Gainer pleaded guilty to aggravated robbery, admitting in his written statement in advance of his guilty plea that while attempting to exit the Walmart store with stolen merchandise, he "fought with two loss prevention store employees" and "used a knife to stab one of these employees."

¶3     In exchange for the guilty plea, the State agreed to recommend that Gainer be sentenced to a jail term and probation. The defense argued for a jail sentence of 365 days, completion of a drug treatment program, and a period of probation during which Gainer would engage in mental health treatment. However, a presentence investigation report (PSI) prepared by Adult Probation and Parole (AP&P) recommended the statutory prison sentence. In its reasoning for the recommendation, the PSI cited the injury to the victim, the score of imprisonment in the criminal history assessment, and the fact that the use of force was "out of line" under the circumstances. At sentencing, Gainer argued that a sentence of jail and probation was appropriate, given his "lack of a terribly significant prior criminal history," substantial educational background, employment opportunities, support of seven children, stable residence, religious participation, and appropriate attitude about resolving the case, including expressing remorse. Despite admitting the facts of the offense at the time of his guilty plea, Gainer later stated to AP&P that he reacted as he did because he did not know who the loss prevention employees were and he "poked" one loss prevention employee in the hip to avoid seriously injuring him.

¶4     At sentencing, the loss prevention employee whom Gainer stabbed stated that he identified himself and asked Gainer to stop. When Gainer reacted aggressively, the employee decided to let him leave the store. Gainer then bit him on the arm and attempted to

stab him in the stomach, but the employee was able to move in time to sustain only an injury to his hip rather than a more serious injury. The district court specifically asked Gainer at sentencing if he agreed that he knew the persons who confronted him were loss prevention employees. Although Gainer answered affirmatively, he followed with a confusing explanation that he was trying to remain consistent in his statements. In his brief on appeal, Gainer again asserts that he did not know the persons attempting to stop him were store employees.[2]

¶5 Gainer first argues that the sentencing court did not adequately consider his "character, personality, attitude and rehabilitative needs" and imposed "an excessively harsh and unfair prison sentence." An appellate court "will overturn a sentencing decision only if it is clear that the actions of the [trial] judge were so *inherently unfair* as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (citation and internal quotation marks omitted). A district court has broad discretion in deciding whether or not to order probation, because the "granting or withholding of probation involves considering intangibles of character, personality and attitude." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (citation and internal quotation marks omitted). Gainer's sentence is within the statutory range for the offense. The PSI evaluated Gainer's criminal history, employment history, educational history, family situation, alcohol and drug use, emotional and personal problems, and attitude toward the offense. The sentencing court necessarily considered those factors, as well as the statements of defense counsel, Gainer, and the victim. The court noted that Gainer had not taken his medication for bipolar disorder and was not mentally clear at the time of the offense. Even if the sentencing court does not specifically refer to all factors in its ruling, reliance on a PSI demonstrates that it gave appropriate

---

2. The relevance of this assertion is unclear. Gainer would be no more privileged to stab a private citizen seeking to prevent his theft than he would be an employee.

consideration to the relevant sentencing factors. Under the circumstances, the district court did not abuse its discretion in sentencing Gainer to a prison term.

¶6 Gainer also claims that the sentencing court violated his due process rights because it considered the victim's statements at sentencing. He asserts that the victim's statements were unreliable and unsubstantiated. The victim disputed Gainer's statements to AP & P that he did not know the victim was a loss prevention employee and that Gainer stabbed the victim in the hip to avoid inflicting a more serious injury. The victim stated that he identified himself to Gainer, that Gainer reacted violently, and that the victim avoided being stabbed in the stomach because he turned his body in order to receive the contact in his hip. Gainer did not object to the victim's statements at sentencing or seek to rebut any of the victim's statements when given the opportunity to respond. Accordingly, Gainer did not preserve his due process claim. *See State v. Patience*, 944 P.2d 381, 389 (Utah Ct. App. 1997). In any event, the victim had a right to appear and be heard at sentencing. *See* Utah Code Ann. § 77-38-4(1)(b) (LexisNexis 2012).

¶7 Gainer also does not demonstrate that the sentencing court committed plain error in considering the victim's statements at sentencing. "The due process clause in both the United States and Utah Constitutions requires that a sentencing judge act on reasonably reliable and relevant information and in exercising discretion in fixing a sentence." *Patience*, 944 P.2d at 389 (citation and internal quotation marks omitted). The victim's statements were clearly relevant and they were reasonably reliable because they were "made by a witness with personal knowledge of the facts related." *Id.* Gainer cannot argue that he was not given adequate notice of the victim's statements, which were also included in the PSI. Gainer had an opportunity to challenge the accuracy or reliability of the statements at sentencing. *See id.* Gainer's due process rights were not violated and the sentencing court acted within its discretion in considering the victim's statements for purposes of sentencing. *See id.* at 390. Although Gainer "suggests

[his] due process rights were violated because [the victim] was not placed under oath and was not cross-examined, [Gainer] offers no legal authority to support [his] argument that this is a due process violation." *See id.* at 389 n.12 (noting that the United States Supreme Court and courts of other states have found "no due process violation where no cross-examination is allowed or where witnesses are not placed under oath, so long as the defendant has the opportunity to refute the evidence presented or challenge its reliability").

¶8      Accordingly, we affirm the sentence imposed by the district court.

————